Kenneth J. Turnbull
kturnbull@morganlewis.com
Ashley Hale
ahale@morganlewis.com
Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| WELLS FARGO ADVISORS LLC, | : | **ELECTRONICALLY FILED** |
| Petitioner, | : | **No.:** _____ |
| v. | : | |
| LIVIA SAPPINGTON, EWA KELLY a/k/a Eva Kelly and PATRICK LABORDE, | : | |
| Respondents. | : | |

**PETITION TO DISMISS OR IN THE ALTERNATIVE STAY THE PENDING ARBITRATION AND COMPEL INDIVIDUAL ARBITRATION IN ACCORDANCE WITH THE BINDING ARBITRATION AGREEMENTS**

Petitioner, by and through its undersigned attorneys, hereby seeks an Order to dismiss, or in the alternative stay the arbitration filed by Respondents Livia Sappington ("Sappington"), Ewa Kelly a/k/a Eva Kelly ("Kelly"), and Patrick LaBorde ("LaBorde") (collectively, "Respondents") before the American Arbitration Association ("AAA") and to compel individual arbitration of Respondents' claims. In support of its Petition, Petitioner states as follows:

**The Parties**

1. Petitioner, Wells Fargo Advisors LLC (hereinafter, "Wells Fargo" or "Petitioner"), is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 North Jefferson Avenue, St. Louis, Missouri 63103.

2. Upon information and belief, Respondent Livia Sappington is a resident of Rancho Mirage, California. Sappington was employed by Wells Fargo from approximately March 2013 to July 2014.

3. Upon information and belief, Respondent Ewa Kelly is a resident of Brooklyn, New York. Kelly was employed by Wells Fargo from approximately April 2012 to April 2014.

4. Upon information and belief, Respondent Patrick LaBorde is a resident of Austin, Texas. LaBorde was employed by Wells Fargo from approximately March 2013 to August 2014.

**Jurisdiction and Venue**

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, as Respondents have alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, in their arbitration, and accordingly this Court possesses federal question jurisdiction.

6. This Court has supplemental jurisdiction of the New York Labor Law claims and the California Wage and Hour Law claims pursuant to 28 U.S.C. §1367, as the New York Labor Law and California Wage and Hour Law claims arise out of the same nucleus of operative facts, namely Respondents' employment with Petitioner.

7. Venue is proper in this district because Respondents have filed their arbitration in New York, New York.

## Factual Allegations

**Respondents Sappington, Kelly, and LaBorde's Employment and Arbitration**

8.   In consideration for their employment with Wells Fargo as "New Financial Advisors," each Respondent executed a New Financial Advisor Training Agreement ("Agreement"). Under the Agreements, in exchange for Wells Fargo's acceptance and evaluation of Respondents' applications for employment and its hiring of Respondents, Respondents each agreed to arbitrate "any controversy" with Wells Fargo. Copies of the Agreements are attached to the Declaration of Kenneth J. Turnbull in Support of Petition to Dismiss or in the Alternative Stay the Pending Arbitration and Compel Individual Arbitration in Accordance With the Binding Arbitration Agreements ("Turnbull Decl.") at Exhibits ("Exs.") A – C.[1]

9.   Paragraph 10 of the Agreement signed by Sappington provides in relevant part:

> You agree that any action instituted as a result of any controversy arising out of this Agreement, your employment or termination of your employment, shall be brought before the arbitration facility of [FINRA] to the exclusion of all others, unless the rules and/or the codes of the FINRA provide otherwise. Both you and Wells Fargo Advisors agree that arbitration shall be the parties' exclusive remedy and that the results of such arbitration shall be final and binding upon them. . . Any controversy relating to your duty to arbitrate hereunder, or the validity and enforceability of this arbitration clause, or to any defense to arbitration, shall also be arbitrated before FINRA.

10.   Paragraph 14 of the Agreements signed by Kelly and LaBorde provides in relevant part:

> you agree that any controversy or dispute, including but not limited to, claims of wrongful termination, breach of contract, discrimination, harassment, retaliation, infliction of emotional distress, tortuous interference with business or contract, federal, state or local statute or ordinance and/or other theory, arising between you and Wells Fargo Advisors, shall be submitted for arbitration before FINRA. If the FINRA does not accept the controversy, dispute or claim, or any portion thereof, then the non-

---

[1] Redactions have been made to non-relevant portions of the Agreements containing sensitive information.

> accepted controversy, dispute or claim shall be submitted for arbitration before the American Arbitration Association pursuant to its Securities Arbitration Rules, effective May 1, 1993.

11. Sappington worked at Wells Fargo's Indian Wells, California branch office from approximately March 2013 to July 2014.

12. Kelly worked at a Wells Fargo's branch office in New York, New York from approximately April 2012 to April 2014.

13. LaBorde worked at a Wells Fargo's branch office in Houston, Texas from approximately March 2013 to August 2014.

14. Upon information and belief, on or about December 17, 2015, Respondents filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA").[2]  Upon information and belief, FINRA has declined to administer Respondents' arbitration.

15. Upon information and belief, on or about December 17, 2015, as Respondents "anticipate[d] that FINRA will not administer [the arbitration] because it is a class action," Respondents filed a nearly identical Statement of Claim with the American Arbitration Association ("AAA").  A copy of the AAA Statement of Claim is annexed to the Turnbull Decl. at Ex. D.

16. The claims in the Statement of Claim are all employment-related claims.  Respondents have alleged that they were not exempt from federal and state wage and hour laws yet were not paid for all overtime hours worked in violation of the FLSA, New York Labor Law, and California Wage and Hour Law.  *See* Ex. D.

17. As these claims relate to disputes between Respondents and Wells Fargo, pursuant to the Agreements, Respondents are required to individually arbitrate these claims before FINRA..

---

[2] Petitioner believes Respondent filed a Statement of Claim with FINRA because of the reference to such a filing in the Statement of Claim filed at the American Arbitration Association ("AAA").  *See* Turnbull Decl. at Ex. D, Introduction.

Exs. A – C.  If FINRA will not accept the claim, then Respondents Kelly and LaBorde must individually arbitrate their claims before the AAA.  Exs. B – C.  If FINRA will not accept the claim, then Respondent Sappington must still arbitrate her claim individually because "arbitration shall be the parties' exclusive remedy" to employment disputes.

18. Respondents seek to bring the FLSA claims, on behalf of themselves and other Wells Fargo financial advisors, as an "opt-out class arbitration."  Ex. D ¶ 88.

19. Respondents seek to bring the California Wage and Hour Law claims on behalf of themselves and other Wells Fargo financial advisors who have worked at Wells Fargo locations in the State of California, on a class wide basis.  Ex. D ¶ 107.

20. Respondents seek to bring the New York Labor Law claims on behalf of themselves and other Wells Fargo financial advisors who have worked at Wells Fargo locations in the State of New York, on a class wide basis.  Ex. D ¶ 124.

21. The Agreements' arbitration clause does not authorize class wide arbitration.  Exs. A – C.

**A Nearly Identical Arbitration Has Been Filed At AAA, And Petitioner's Motion to Dismiss Or In The Alternative Stay That Arbitration Is Currently Pending Before This Court**

22. On July 23, 2015, former financial advisors Reagan Tucker ("Tucker"), Benjamin Dooley ("Dooley") and Marvin Glasgold ("Glasgold") (collectively, "Tucker Respondents"), represented by Shavitz Law Group, P.A. and Outten & Golden, LLP (the same lawyers representing Respondents herein) filed identical, putative class action Statements of Claim with FINRA and AAA, seeking unpaid overtime from Petitioner under the FLSA and the New York Labor Law. Exs. E – F.

23. The Tucker Respondents worked at Wells Fargo branches in New York and Texas from approximately July 2011 through August 2013.  *See Wells Fargo Advisors, LLC v. Tucker, et al.,* ("Tucker action") 15-cv-7722, Petition to Dismiss or in the Alternative Stay the Pending

6

Arbitration and Compel Individual Arbitration in Accordance with the Binding Arbitration Agreements ("Tucker Petition"), Dkt 1.

24. In consideration for their employment with Wells Fargo, the Tucker Respondents executed the same New Financial Advisor Training Agreements as Respondents Kelly and LaBorde herein ("Tucker Agreements"). *See* Tucker action, Dkt. 6.

25. The Tucker Respondents have alleged that they were not exempt from federal and state wage and hour laws yet were not paid for all overtime hours worked in violation of the FLSA and New York Labor Law. Turnbull Decl., Ex. F.

26. The Tucker Respondents seek to bring the FLSA claims on behalf of themselves and other Wells Fargo financial advisors, as an "opt-out class arbitration." Ex. F ¶ 81.

27. The Tucker Respondents seek to bring the New York Labor Law claims on behalf of themselves and other Wells Fargo financial advisors who have worked at Wells Fargo locations in the State of New York, on a class wide basis. Ex. F ¶ 100.

28. The FLSA "class" the Tucker Respondents seek to represent would include Respondents Sappington, Kelly, and LaBorde.

29. The New York Labor Law "class" that Tucker Respondents Glasgold and Dooley seek to represent would include Respondent Kelly.

30. The Tucker Agreements' arbitration clause does not authorize class wide arbitration. Ex. F.

**Plaintiff Erika Williams' Previously Filed Collective Action Pending In the Northern District of Illinois**

31. Erika Williams ("Williams") is a former Wells Fargo employee.

32. On March 20, 2014, Williams, on behalf of herself and "all others similarly situated," filed a complaint ("Williams Complaint") against Wells Fargo Advisors, LLC in the United

7

States District Court for the Northern District of Illinois, Case No. 14-CV-1981- JJT-AK.  A copy of the Williams Complaint is annexed to the Turnbull Decl. at Ex. G.

33.     Williams alleges, *inter alia*, that she was not exempt from the FLSA, yet she was not paid for all overtime hours worked, in violation of the FLSA.  Ex. G.

34.     Williams, on behalf of herself and all others similarly situated, seeks collective action treatment of her overtime claims under the FLSA.  Ex. G at ¶¶ 18, 40-46.

35.     Williams, Respondents, and Tucker Respondents have alleged the same claims against Wells Fargo, namely that certain New Financial Advisors were not paid overtime wages, in violation of the FLSA.

36.     Williams filed her complaint first in the Northern District of Illinois.

37.     Respondents and Tucker Respondents are putative members of the Williams collective action.

## Prayer for Relief

38.     The parties' agreement to arbitrate the claims covered by the Agreements is enforceable in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., which specifically authorizes this Court, upon Petition, to enter an Order directing that arbitration proceed in the manner provided for in the arbitration agreement.  *See* 9 U.S.C. § 4.

39.     The parties' agreement to arbitrate the claims covered by the Agreement is also enforceable by this Court pursuant to New York C.P.L.R. § 7503, which authorizes this Court to enforce an agreement to arbitrate through the issuance of an Order compelling arbitration in the manner specified in the Agreement.

40.     The FAA authorizes courts to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.  The parties did not

agree to arbitrate any claims on a class wide basis and therefore this Court should Order Respondent to arbitrate their claims on an individual basis.

41.     The FLSA claims alleged by Respondents in their arbitration substantially overlap with the claims in the earlier-filed *Williams* action and must be dismissed, or in the alternative stayed, under the well-settled legal doctrine of the "first-filed" rule.

**WHEREFORE,** Petitioner Wells Fargo requests that the Court enter an Order:

A. Dismissing or staying AAA Arbitration No. 01-15-0006-0146;

B. Directing Respondents that they must arbitrate their claims on an individual basis; and

C. Awarding Petitioner such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 4, 2016

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Kenneth J. Turnbull*
Kenneth J. Turnbull
Ashley Hale
101 Park Avenue
New York, NY  10178
212.309.6000
212.309.6001 (fax)
kturnbull@morganlewis.com
ahale@morganlewis.com

*Attorneys for Petitioner*
*Wells Fargo Financial Advisors LLC*